*Manistee Circuit.*

## EUGENE E. DONVILLE,
## GEORGE R. GEISMAN,

*Plaintiffs in Certiorari,*

vs.

## JAMES H. RUSSELL,

*Defendant in Certiorari.*

*Jury in Justice Court.*

A Court cannot hold interviews with the jury after they have retired to make up their verdict, except by consent or in the presence of the parties.

This cause was tried in Justice's Court. While the jury were deliberating upon their verdict, they sent the officer in charge for the justice, for the purpose of asking him some questions. The justice went to their room, in the absence of the parties and their counsel, and without their consent in any way given. On the entrance into said room by the justice, one of the jurors asked the justice "If costs of suit followed the judgment?" The justice answered, "Yes." Thereupon one of the jurors replied, "We had agreed, but now we don't." The justice then left the jury room.

Shortly after this interview, the justice was again sent for, and he again went into the jury room. One of the jurors then asked him, "If both parties were entitled to appeal from the verdict?" The justice replied, "Yes." The jury immediately rendered a verdict for defendant. The plaintiff then brought the case to this court by certiorari, claiming that it was error for the justice to hold such communications with the jury in the absence of the parties or their counsel, or without their consent.

THE COURT, JUDKINS J., reversed the judgment, and based his decision on the following, among other authorities:

> Thompson's Charging Jury, page 26.
> Bunn vs. Croul, 10 John., 238.
> Kirk vs. Ohio, 14 Ohio, 511. *

*Nelson & Gray* for plaintiffs.
*A. J. Dovell* for defendant.

---

## Bay Circuit.

---

* Where a justice went into a jury room alone and answered a question upon a certain point, and afterwards in the same case, in presence of the parties and by their consent, answered a like question from the jury room, it was held not to be error.—*Galloway* v. *Corbett, Mich. Sup. Ct., Jan. Term,* 1884.